In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2432

DRAGAN KAPLAREVIC,

*Plaintiff-Appellant,*

*v.*

ANDREW SAUL, Commissioner of Social Security,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-3283 — **Susan E. Cox**, *Magistrate Judge.*

———————————

ARGUED JANUARY 20, 2021 — DECIDED JULY 1, 2021

———————————

Before EASTERBROOK, WOOD, and BRENNAN, *Circuit Judges.*

WOOD, *Circuit Judge*. Dragan Kaplarevic filed for disability insurance benefits in December 2012, alleging that he became disabled on August 1, 2012. His "date last insured" was December 31, 2014, meaning that if his disability arose any later than that, he would not be eligible for benefits. The state agency that reviewed his application on behalf of the Commissioner of Social Security denied his application initially and upon reconsideration, see 20 C.F.R. § 404.1503, and he

ultimately was no more successful before an administrative law judge (ALJ), the Appeals Council, or the district court. Kaplarevic has now appealed to this court for relief, but he cannot overcome the deferential standard of review that applies. Substantial evidence supported the agency's decision, and so we affirm the district court's judgment.

Kaplarevic's quest for benefits has been a long one. After the state agency's initial decision, he requested and received a hearing before an ALJ. Aided by counsel, Kaplarevic testified before the ALJ on June 30, 2014, and the judge solicited information from an impartial vocational expert. On that record, the ALJ denied Kaplarevic's application. The Appeals Council denied his request for review, rendering the ALJ's decision final. See 20 C.F.R. §§ 404.955, 404.981. Kaplarevic then turned to the district court, which in March 2017 remanded the matter to the Social Security Administration for further proceedings. See 42 U.S.C. § 405(g). After a second hearing before a different ALJ on January 26, 2018, during which Kaplarevic was again represented by counsel, his application was rejected. The Appeals Council upheld that decision, and so Kaplarevic again sought judicial review. A magistrate judge, proceeding with the consent of both parties as permitted by 28 U.S.C. § 636(c), found that the new ALJ's decision was supported by substantial evidence. This appeal followed.

We affirm the district court's decision for the reasons discussed in its order of July 16, 2020, with the following additional comments.

In a social security appeal, we look through the district court's opinion and, applying a deferential standard of review, we ask whether the ALJ's decision is supported by substantial evidence. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir.

2007); see *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Kaplarevic contends that the second ALJ erred because he improperly took into account his own observations of Kaplarevic's physical condition and ability to perform certain physical tasks at the hearing on January 26, 2018. This was error, Kaplarevic urges, because the relevant period under consideration was the time between the alleged onset of his disability (August 1, 2012) and his date last insured (December 31, 2014). But this makes no sense, given Kaplarevic's own application. If he had been seeking benefits only for the closed period between August 1, 2012, and December 31, 2014, he might have a point. But Kaplarevic sought an open-ended period of disability. In light of that fact, the status of his physical condition on the day of the second hearing is relevant. He needed to show that he became disabled before his date last insured, but in order to obtain a continuing flow of benefits, he had to convince the ALJ that he was still disabled as of the date of the hearing. It is a routine, common-sense practice for an ALJ to observe claimants. We see no reason to criticize the ALJ for his partial reliance on his own observations in his determination of disability. Indeed, if there were error at all, it was harmless: we could disregard these comments and easily affirm on the basis of the remainder of the ALJ's 15-page opinion, which evaluated extensive medical and behavioral evidence.

Kaplarevic also complains about the ALJ's observation that there were no new treatment records or indications that he had requested treatment since before the first ALJ hearing

held in June 2014. But this was at most a passing comment, and it related more to the evidentiary record than to the merits. The ALJ noted that Kaplarevic "did not submit any medical evidence since December 2013." It was Kaplarevic's burden to show disability, and if he wanted to do so, he should have accepted the ALJ's invitation "to identify the portions of the medical records that he believed supported various of [his] allegations." Vague references to the "totality of the evidence" are not helpful.

Moreover, we do not read the ALJ's opinion as relying on the failure to seek treatment as a factor demonstrating lack of disability. That would be troublesome: there are a number of legitimate reasons why a person may not continue treatment, particularly if he is uninsured and forced to pay out-of-pocket. But, with respect to back pain, the ALJ noted both lack of treatment and a later treatment record showing that he denied any pain. With respect to Kaplarevic's heart condition, the ALJ asked counsel to provide citations to the medical record, and counsel never did so. This is therefore not a case in which an ALJ made a simple assumption that people who do not regularly visit doctors can't have a serious problem. Instead, the record before the ALJ showed that Kaplarevic did not comply with prescribed therapy, that his pain complaints were not consistent with objective medical findings, and that the record did not support the alleged intensity of other problems. Substantial evidence supported all of these findings.

We AFFIRM the judgment of the district court upholding the Social Security Administration's denial of Kaplarevic's application for disability benefits.